**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BOBBY HEARNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08 C 1393 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | JUDGE DARRAH |
| CHICAGO POLICE OFFICER | ) | MAGISTRATE JUDGE KEYS |
| J. F. SIKORSKI, Star No. 11143, and | ) | |
| CHICAGO POLICE OFFICER | ) | |
| E. GONZALEZ, Star No. 9627, | ) | |
| | ) | |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Individual Defendants, Chicago Police Officer J.F. Sikorski ("Officer Sikorski") and Chicago Police Officer E. Gonzalez ("Officer Gonzalez") (collectively hereinafter referred to as "Individual Defendants"), by and through their attorney, Christopher A. Wallace, Assistant Corporation Counsel of the City of Chicago, respectfully submit the following Joint Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand.

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER: Individual Defendants admit that Plaintiff brings this action pursuant to 42 U.S.C. Section 1983 but deny depriving Plaintiff of his rights as secured by the United States Constitution.**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

**ANSWER: Individual Defendants admit that subject matter jurisdiction over Plaintiff's claims is proper in this Court.**

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER: Individual Defendants admit that venue is proper in this Court but deny the wrongful acts complained of herein and deny that Plaintiff has fully or accurately described the relevant events taking place within this district.**

**PARTIES**

4. At all times relevant hereto, Plaintiff Bobby Hearns was a 45 year-old male resident of Chicago, Illinois.

**ANSWER: Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph four.**

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER: Individual Defendants admit the allegations set forth in this paragraph.**

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER: Individual Defendants admit the allegations set forth in this paragraph.**

**FACTUAL ALLEGATIONS**

7. On or about March 10, 2007, Plaintiff was walking his girlfriend home near the intersection of 67th and Lowe St. in Chicago, Cook County, Illinois.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph.**

8. At this time, Defendant Officers seized and arrested plaintiff while ordering him to place his hands on their police vehicle.

**ANSWER: Individual Defendants admit that they seized plaintiff at some point, admit that plaintiff was ordered to put his hands on their police vehicle at some point and admit that plaintiff was arrested at some point.**

9. Defendant Officers then proceeded to unconstitutionally, without a warrant and without probable cause to believe Plaintiff had or was committing a crime, search Plaintiff.

**ANSWER: Individual Defendants admit that they did not have a warrant. Answering further, Individual Defendants admit that they searched plaintiff in so far as the term searched is characterized as a protective pat-down of plaintiff's person. Individual Defendants deny engaging in any unconstitutional conduct and deny the remaining allegations set forth in this paragraph.**

10. At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph.**

11. Following the unconstitutional search, Plaintiff was handcuffed, arrested, and taken to the 2nd District Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C.

**ANSWER: Individual Defendants deny that they unconstitutionally searched plaintiff and deny that plaintiff was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C. Answering further, Individual Defendants admit that plaintiff was handcuffed, arrested and transported to the second district police station.**

12. On March 28, 2007, this false charge against Plaintiff was dismissed for a finding of no probable cause.

**ANSWER: Individual Defendants deny the allegation that plaintiff was falsely charged. Individual Defendants admit that plaintiff's criminal case was dismissed on March 28, 2007, but lack knowledge and information sufficient to form a belief as to truth or falsity of the allegation that the case was dismissed for a finding of no probable cause. Answering further, Individual Defendants deny that plaintiff's criminal case was dismissed in a manner indicative of his innocence of the criminal charges.**

**Count I – 42 U.S.C. § 1983 False Arrest**

13. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER: Individual Defendants reassert their answers contained in the preceding paragraphs one through twelve and incorporate their answers herein, as though fully stated.**

14. On March 7, 2007, Plaintiff was seized and arrested without a warrant and without probable cause. this seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph to the extent plaintiff refers to his March 10, 2007, arrest but admit that plaintiff was arrested without a warrant.**

15. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER: Individual Defendants admit that at all relevant times they were acting under color of law and within the scope of their employment as police officers. Individual Defendants deny the remaining allegations set forth in this paragraph.**

16. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in

wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case.

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph and its subparts.**

17. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph.**

***WHEREFORE, Individual Defendants request this Court enter judgment in their favor and against Plaintiff Bobby Hearns and enter any other relief in favor of Individual Defendants and against Plaintiff Bobby Hearns that this Court deems just and proper.***

**Count II – 42 U.S.C. § 1983 Unlawful Search**

18. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER: Individual Defendants reassert their answers contained in the preceding paragraphs one through twelve and incorporate their answers herein, as though fully stated.**

19. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER: Individual Defendants admit that plaintiff's person was searched without a search warrant. Individual Defendants deny the remaining allegations set forth in this paragraph.**

20. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as

those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their actions, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph and its subparts.**

21. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph.**

***WHEREFORE, Individual Defendants request this Court enter judgment in their favor and against Plaintiff Bobby Hearns and enter any other relief in favor of Individual Defendants and against Plaintiff Bobby Hearns that this Court deems just and proper.***

**COUNT III – False Imprisonment**

22. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER: Individual Defendants reassert their answers contained in the preceding paragraphs one through twelve and incorporate their answers herein, as though fully stated.**

23. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER: Individual Defendants admit that plaintiff purports to invoke supplemental jurisdiction over certain claims raised in this pleading.**

24. On March 10, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER: Individual Defendants admit that on January 11, 2007, plaintiff was seized and detained without a warrant. Individual Defendants deny the remaining allegations set forth in this paragraph.**

25. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph.**

26. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph.**

***WHEREFORE, Individual Defendants request this Court enter judgment in their favor and against Plaintiff Bobby Hearns and enter any other relief in favor of Individual Defendants and against Plaintiff Bobby Hearns that this Court deems just and proper.***

**Count IV - - Malicious Prosecution**

27. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER: Individual Defendants reassert their answers contained in the preceding paragraphs one through twelve and incorporate their answers herein, as though fully stated.**

28. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph.**

29. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph.**

30. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph.**

31. On March 28, 2007, Plaintiff's case was dismissed following a finding of no probable cause.

**ANSWER: Individual Defendants deny the allegation that plaintiff was falsely charged. Individual Defendants admit that plaintiff's criminal case was dismissed on March 28, 2007, but lack knowledge and information sufficient to form a belief as to truth or falsity of the allegation that the case was dismissed for a finding of no probable cause.**

**Answering further, Individual Defendants deny that plaintiff's criminal case was dismissed in a manner indicative of his innocence of the criminal charges.**

32. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**<u>ANSWER</u>: Individual Defendants deny the allegations set forth in this paragraph.**

***WHEREFORE, Individual Defendants request this Court enter judgment in their favor and against Plaintiff Bobby Hearns and enter any other relief in favor of Individual Defendants and against Plaintiff Bobby Hearns that this Court deems just and proper.***

**<u>Count V – Intentional Infliction of Emotional Distress</u>**

33. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**<u>ANSWER</u>: Individual Defendants reassert their answers contained in the preceding paragraphs one through twelve and incorporate their answers herein, as though fully stated.**

34. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United State Code § 1367.

**<u>ANSWER</u>: Individual Defendants admit that plaintiff purports to invoke supplemental jurisdiction over this claim.**

35. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**<u>ANSWER</u>: Individual Defendants deny the allegations set forth in this paragraph.**

36. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**<u>ANSWER</u>: Individual Defendants deny the allegations set forth in this paragraph.**

37. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER: Individual Defendants deny the allegations set forth in this paragraph.**

***WHEREFORE, Individual Defendants request this Court enter judgment in their favor and against Plaintiff Bobby Hearns and enter any other relief in favor of Individual Defendants and against Plaintiff Bobby Hearns that this Court deems just and proper.***

**Count VI – State Law Claims Against Defendant City**
***Respondeat Superior* and Indemnification**

***As this Count is not directed toward Individual Defendants, they make no answer.***

## AFFIRMATIVE DEFENSES

1. Individual Defendants are entitled to qualified immunity. They are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted these police officers could have believed their actions to be lawful, in light of clearly established law and the information the officers possessed.

2. Under Section 201 of the Local Government and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), Individual Defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2002).

3. Under Section 202 of the Tort Immunity Act, Individual Defendants are not liable for injuries claimed in plaintiff's state law claims because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful

and wanton conduct. 745 ILCS 10/2-202 (2002). Individual Defendants were engaged in the execution and enforcement of the law and their conduct was not willful and wanton.

4. Under Section 204 of the Tort Immunity Act, Individual Defendants are not liable for injuries claimed under plaintiff's state law claims because they are not liable for injuries caused by the acts or omission of other persons. 735 ILCS 10/2-204 (2002).

5. Under Section 208 of the Tort Immunity Act, Individual Defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2002).

6. Any award of damages against the Defendants shall be reduced in proportion to the comparative fault of plaintiff's own acts or omissions, including but not limited to plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

7. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

8. Under Section 209 of the Tort Immunity Act, a public employee is not liable for injury arising out of his entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209 (2002).

## JURY DEMAND

Individual Defendants request trial by jury.

DATED: June 5, 2008

Respectfully submitted,

Officer Sikorski
Officer Gonzalez

By: /s/ *Christopher A. Wallace*
Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Individual Defendants*

City of Chicago Department of Law
Individual Defense Litigation Division
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

**CERTIFICATE OF SERVICE**

I, Christopher Wallace, hereby certify that on June 5, 2008, I caused a copy of the foregoing Individual Defendants' Joint Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before this Court via the ECF system.

/s/ Christopher A. Wallace
Christopher A. Wallace